UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
**COHEN & COHEN REALTY, LLC**       :
                                    :   Civil Action No. 09-4690(FSH)
                                    :
      **Plaintiff**                :
                                    :
**v.**                              :
                                    :
**FOOD INDUSTRY/MERCHANTS**         :   <u>**SCHEDULING ORDER**</u>
                                    :   <u>**IN AN ARBITRATION CASE**</u>
                                    :
      **Defendant**               :
_____ :

      **THIS MATTER** having come before the Court for a scheduling conference pursuant to Rule 16 of the Federal Rules of Civil Procedure on December 7, 2009; and for good cause shown,

      **IT IS on this 7th day of December, 2009**

      **ORDERED THAT:**

### I. ARBITRATION

      1.    This matter is subject/referred to arbitration pursuant to Local R. Civ. P. 201.1. Counsel will receive further instructions and guidelines regarding arbitration directly from the Clerk of the Court. Arbitration shall commence no sooner than **June 18, 2010** unless dispositive motions are pending.

### II. COURT DATES

      2.    There shall be a telephone status conference before the Undersigned on **TO BE SET.** Plaintiff shall initiate the telephone call.

      3.    Absent a request to convert to a telephone conference because the motions to dismiss is pending, there will be a settlement conference before the Undersigned on **February 23, 2010 at 11:00 a.m.** Trial Counsel and clients with full settlement authority must attend the conference. If the trial counsel **and** client with full settlement authority do not appear, the settlement conference may be cancelled or rescheduled and the noncompliant party and/or attorney may be sanctioned, which may include an assessment of the costs and expenses incurred by those parties who appeared as directed.

### III. DISCOVERY AND MOTION PRACTICE

4. Fed. R. Civ. P. 26 disclosures and discovery disclosed in the state case are to be exchanged on or before **January 8, 2010.**

5. Events necessary to engage in meaningful settlement discussions: resolution of the motion to dismiss.

6. The parties may serve interrogatories limited to **20** single questions including subparts and requests for production of documents on or before **January 15, 2010**, which shall be responded to no later than **February 15, 2010 .**

7. The number of depositions to be taken by each side shall not exceed **4**. No objections to questions posed at depositions shall be made other than as to lack of foundation, form or privilege. See Fed. R. Civ. P. 32(d) (3) (A). No instruction not to answer shall be given unless a privilege is implicated. The depositions shall be completed no later than **May 15, 2010.**

8. Fact discovery is to remain open through **May 15, 2010.** No discovery is to be issued or engaged in beyond that date, except upon application and for good cause shown.

9. Counsel shall confer in a good faith attempt to informally resolve any and all discovery disputes before seeking the Court's intervention. Should such informal effort fail to resolve the dispute, the matter shall be brought to the Court's attention via a joint letter that sets forth: (a) the request, (b) the response; (c) efforts to resolve the dispute; (d) why the complaining party believes the information is relevant and why the responding party's response continues to be deficient; and (e) why the responding party believes the response is sufficient. No further submissions regarding the dispute may be submitted without leave of Court. If necessary, the Court will thereafter schedule a telephone conference to resolve the dispute.

No discovery motion or motion for sanctions for failure to provide discovery shall be filed before utilizing the procedures set forth in these paragraphs without prior leave of Court.

Any unresolved discovery disputes (other than those that arise during depositions) must be brought before the Court no later than **March 16, 2010.** The Court will not entertain applications concerning discovery matters, informally or otherwise, after this date.

10. Any motion to amend pleadings or join parties must be filed not later than **none**.

11. All dispositive motions shall be discussed in advance of filing with the Undersigned either in person or by teleconference. Any and all dispositive motions must be filed no later than **June 11, 2010** and must be comply with Local Rule 7.1. No pretrial dispositive motions will be entertained after that date. Any response must be submitted no later than **June 21, 2010** and any reply must be submitted no later than **June 28, 2010** . The return date shall be **July 6, 2010** before the Hon. Faith S. Hochberg. Her Honor's chambers will advise the parties if oral argument will be required.

### IV.  EXPERTS

12. All affirmative expert reports shall be delivered by **April 15, 2010.**

13. All responding expert reports shall be delivered by **May 15, 2010.**

14. a. All expert reports are to be in the form and content as required by Fed. R. Civ. P. 26(a) (2)(B). No expert shall testify at trial as to any opinions or base those opinions on facts not substantially disclosed in the experts report.

   b. All expert depositions shall be completed by **only if a party timely files a trial <u>de novo</u>** .

### V. MISCELLANEOUS

15. The Court may from time to time schedule conferences as may be required, either <u>sua sponte</u> or at the request of a party.

16. Since all dates set forth herein are established with the assistance and knowledge of counsel, there will be no extensions except for good cause shown and by leave of Court, even with consent of all counsel. Any request to extend any deadline or to adjourn a court event shall be made no later than three days before the scheduled date and shall reflect: (1) the good cause the requesting party believes supports the extension or adjournment and (2) whether or not all parties consent to the request. Absent unforeseen emergent circumstances, the Court will not entertain requests to extend deadlines that have passed as of the date of the request.

17. A copy of every pleading, document or written communication with the Court shall be served on all other parties to the action. Any such communication which does not recite or contain a certification of such service may be disregarded by the Court.

18. Absent permission from Chambers, communications to the Court by facsimile will not be accepted. All communications to the Court shall be in writing or by telephone conference.

19. **FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER   MAY RESULT IN SANCTIONS.**

<u>s/Patty Shwartz</u>
**UNITED STATES MAGISTRATE JUDGE**